# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Charlie L. Smith, Sr.<br><br>                        Plaintiff,<br>  vs.<br><br>Caliber Home Loans, Inc., et al.,<br><br>                        Defendants. | CASE NO. 16cv220-LAB (NLS)<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Charlie Smith sued Caliber Home Loans for failing to foreclose on his unpaid mortgage sooner. Smith blames Caliber for putting him in "the Zombie Trap" by "allowing bad faith homeowners to milk the system by staying in the property." Freud named this phenomenon of transposing blame *projection*. The law recognizes it as a causation problem. But it doesn't take an education in psychology or law to understand the basic problem: it's a bad argument. And it's not the basis for a valid cause of action under California law. The Court grants Caliber's motion to dismiss with prejudice.

## I. Background

Smith's complaint offered few facts.[1] He bought his Spring Valley house in the summer of 2000. Six years later, he refinanced his mortgage. Beneficial California loaned Smith about $400,000, secured by Smith's house, as outlined in a deed of trust. Smith

---

[1] The Court takes judicial notice of seven undisputed public records (Dkt. 6-2, Dkt. 7-3) to fill in essential gaps in the basic plot that Smith alludes to but doesn't explain. Fed. R. Evid. 201; *see In re Icenhower*, 755 F.3d 1130, 1142 (9th Cir. 2014).

alleged Beneficial is a subsidiary of federally-chartered HSBC Bank USA. About six months after refinancing, Smith defaulted. Smith doesn't "have a copy of the promissory note" but claimed the final payment was due in November 2036. (Dkt. 1-2.)

Before defaulting, Smith made his last payment in June 2007. Seven months later, the trustee at the time, Housekey Financial, filed a notice of default. (Dkt. 6-2 at 12.) Four months later, in May 2008, Smith filed for Chapter 13 bankruptcy. (Dkt. 1-2 ¶ 13.) Smith said that Beneficial assigned the deed of trust to HSBC Mortgage Services about six months later in November 2008. The bankruptcy court denied creditor HSBC Mortgage Services' motion for relief from stay in January 2009. (Dkt. 6-2 at 15.)

Sometime after, "the loan was transferred to U.S. Bank and then to Caliber to service the loan." (Dkt. 1-2 ¶ 9.) Caliber filed a notice of default on October 22, 2014 and a notice of sale on January 21, 2015. (Dkt. 6-2 at 19, 24.) Smith filed for bankruptcy again in February 2015. (Dkt. 1-2 ¶ 13, 71.) In December 2015, Smith filed suit against Caliber in California state court and recorded a notice of pendency of action with the county recorder. (Dkt.1-4.) Caliber removed based on diversity and filed a motion to dismiss and expunge the notice of pendency.

## II. Legal Standards

"Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). On a Rule 12(b)(6) motion, the Court must accept the facts in the complaint as true, but must dismiss the complaint when the plaintiff has "not nudged their claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. Analysis

Smith's complaint invokes implied preemption, "Federal housing policy," and inapposite images that liken Caliber's foreclosure efforts to "throwing a rabbit into a steel trap, watching it's painful struggle with cold eyes, and then walking off until he eventually returns and lets the wounded rabbit out of the trap." (Dkt. 1-2 ¶ 77.) The Court

understands his argument in more quotidian terms: Caliber harmed Smith by not kicking him out of his house sooner. California doesn't recognize that conduct as the basis for a cause of action.

**A. Federal policy doesn't preempt California Civil Code § 882.020.**

California law allows a creditor to recover an unpaid debt by initiating nonjudicial foreclosure proceedings up to "10 years after" the "last date fixed for payment of the debt." If the last date for payment "is not ascertainable from the recorded evidence of indebtedness," then the creditor has up to "60 years after the date the instrument that created the security interest was recorded." Cal. Civ. Code § 882.020. California courts have held that the law means what it says. *See, e.g.*, *Nicolopulos v. Superior Court*, 106 Cal. App. 4th 304, 311 (2003) (denying action to enjoin foreclosure sale because creditor who initiated foreclosure proceedings ten years after the maturity date of the note was entitled to nonjudicial foreclosure up to sixty years); *Ung v. Koehler*, 135 Cal. App. 4th 186, 191, (2005) (same). Smith said his last date of payment is November 14, 2036. (Dkt. 1-2 ¶ 11.) Assuming that's true, Caliber's right to foreclose on Smith's home for failing to repay money he borrowed from them is enforceable, at a minimum, until November 2046. Caliber filed a notice of default on October 22, 2014, leaving three decades to spare.

Smith acknowledges this is the law. But he thinks it's "absurd" and "totally unacceptable." He charts federal law, proposed legislation, and agency guidelines that suggest shorter foreclosure timelines, and although he admits that none of the federal examples "apply to his case," he asks the Court to rule that federal housing *policy* preempts California law. (Dkt. 8 at 7.) Given Smith's admission that no federal law or regulation directly applies to his loan with Caliber, he hasn't identified any applicable statutes or regulations that explicitly preempt or implicitly conflict with California law. Instead, the most generous reading of his allegations suggest an argument based on field preemption—that the federal sources he cites evidence Congress' clear intent to regulate the entire field of foreclosures. The Court disagrees.

///

There is a strong presumption against preemption, particularly in fields that "the States have traditionally occupied." *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947). The regulation of foreclosures is "an essential state interest" and the power to ensure "security of the titles to real estate" "inheres in the very nature of state government." *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 544 (1994) (punctuation omitted). California created a "comprehensive framework for the regulation of a nonjudicial foreclosure sale" to protect debtors from "wrongful loss of the property" and provide creditors with a "quick, inexpensive, and efficient remedy against a defaulting debtor." *Moeller v. Lien*, 25 Cal. App. 4th 822, 830 (1994). Smith hasn't provided any plausible argument that Congress demonstrated a clear intent to preempt state law on nonjudicial foreclosure timelines. The Court declines his invitation to rewrite California law.

**B.  Smith failed to state a claim for other causes of action.**

Smith's complaint is bereft of any plausible allegations that Caliber caused him harm. He spends the first 14 paragraphs barely outlining what happened, and uses the rest of the pleading as a platform for his policy argument. Smith alleged six causes of action based on the theory that Caliber harmed him by violating "Federal housing law public policy" by not completing the foreclosure process sooner. Since Smith conceded that Caliber complied with California Civil Code 882.020, and the Court finds that law applies, Smith has failed to state any cause of action.

Smith's causes of action don't pass muster for other reasons as well. Smith's negligence claim fails because Caliber didn't owe Smith a duty of care. *Nymark v. Heart Fed. Sav. & Loan Assn.,* 231 Cal App. 3d 1089, 1096 (1991). Smith's intentional infliction of emotional distress claim fails because he didn't allege any facts that suggest Caliber's efforts to follow California law amounts to outrageous conduct. *Quinteros v. Aurora Loan Servs.*, 740 F. Supp. 2d 1163, 1172 (E.D. Cal. 2010). Civil conspiracy isn't an independent tort and Smith failed to plead plausible facts that Caliber agreed to harm Smith or committed a wrongful act pursuant to the agreement. *See Daniels v. Select*

*Portfolio Servicing*, Inc., 246 Cal. App. 4th 1150, 1172–73. (2016). Smith can't quiet title because he hasn't payed his debt or alleged the ability to pay his debt. He also failed to assert his claim in a verified complaint. *Briosos v. Wells Fargo Bank*, 737 F. Supp. 2d 1018, 1031–32 (N.D. Cal. 2010). And there's nothing in the complaint resembling a plausible allegation of the elements of a cause of action for breach of contract.  *See Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011).

Smith said his "lawsuit was filed solely for damages." (Dkt. 8 at 7.)  But his complaint seeks claims for declaratory and injunctive relief. Smith asked for a declaration that Caliber can't proceed with a foreclosure sale and to declare the lien expired. That's in direct violation of California law as discussed above. And Smith's claim for declaratory relief is derivative of his other causes of action which the Court has rejected. *See*, *e.g.*, *Ball v. FleetBoston Fin. Corp.*, 164 Cal. App. 4th 794, 800 (2008). Smith asks the Court to enjoin Caliber from selling his house, but again, Caliber is entitled to a foreclosure sale under California law.

**C. Motion to expunge the notice of pendency of action.**

A notice of pendency of action is only appropriate where the plaintiff can show he's properly pled one real property claim with probable validity. Cal. Civ. Pro. § 405.30-32. Smith hasn't done either for the reasons discussed above. *See Castro v. Saxon Mortg. Servs., Inc.*, 2009 WL 837589, at *3 (N.D. Cal. Mar. 27, 2009) (expunging notice where court dismissed complaint). Despite requesting an injunction, Smith argues that "this lawsuit has nothing to do with getting an injunction" and that he was required to file a notice because he alleged "a quiet title cause of action." (Dkt. 9.) But ten minutes of legal research would have revealed his quiet title action was meritless.

The Court grants Caliber's request for reasonable attorneys fees and costs for the motion to expunge. Cal. Civ. Proc. Code § 405.38. Counsel requested $3,500 for 10.5 hours of work at a rate of $335 an hour. The Court finds a full-day's work of eight hours reasonable since all but the first page of the opposition was "word for word the same" as the opposition to the motion to dismiss. (*Id.*)  Smith shall pay Caliber $2,680 in fees.

### III. Conclusion

If a court dismisses a complaint, it should give leave to amend unless "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe v. Northern California Collection Serv. Inc.*, 911 F. 2d 242, 247 (9th Cir. 1990). Smith admits that California law entitled Caliber to initiate foreclosure proceedings. Smith wants California to follow a different law. That's not something leave to amend will fix.

Smith took out a loan in 2006. He failed to pay it. He prevented creditors from foreclosing on his house for the next ten years by filing for bankruptcy twice, bringing this suit, and filing a notice of pendency to cloud title. Smith's been living in his house without paying since 2007. Any harm he's suffered has come about through his own actions. The Court refuses to let Smith use the judicial system to continue to cause the very harm he's blaming Caliber for.

The Court grants Caliber's motion to dismiss with prejudice and without leave to amend, expunges the notice of pendency, and awards Caliber $2,680 in fees.

**IT IS SO ORDERED**.

DATED:  December 9, 2016

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge